### JAMES JACOBS v. JAMES H. HOOKER.

A declaration may be amended at the circuit.

In case against a common carrier, the declaration stated the contract to be to carry the goods from New York to Cleveland, Ohio, and the proof was that the defendant was interested only in part of the line, viz., from New York to Troy, in connection with others who carried from Troy to Cleveland. An amendment of the declaration to conform to the contract as proved was allowed on the trial, it appearing that the defendant had not been taken by surprise.

Where goods directed to Cleveland, Ohio, were shipped with defendant at New York, without any other directions than that they were to be forwarded by a particular line, and he was engaged as a carrier only from New York to Troy, it was held that his liability as a common carrier ended at Troy.

CASE against defendant as a common carrier.

The plaintiff, a merchant of Worcester, Ohio, in May, 1839, made a contract with the agent of the Troy & Ohio Transportation line, for the carrying his goods from New York to Cleveland, Ohio.

That company was engaged in transporting only from Troy to Buffalo, and had made a contract with defendant, who was engaged in the transportation of goods between New York and Troy, for the carriage of goods between those places.

The plaintiff's goods were put on board the defendant's boats at New York, and defendant's agent signed a bill of lading, specifying that they were marked " J. Jacobs, Worcester, Ohio, per Troy and Ohio line," but the defendant engaged only to transport to Troy, and he was not interested in the line of transportation any further.

*Townsend,* for defendant, objected to the evidence as being sufficient, or as competent under the pleadings, the declaration being that the defendant had undertaken to transport from New York to Cleveland, whereas it appeared that he was interested only in part of the line, viz., from New York to Troy, and had not contracted to carry any further.

*Raymond,* for plaintiff, moved to amend the declaration accordingly.

*The Circuit Judge :* The defendant would not be injured or taken by surprise by the amendment. He knew what contract for transportation he had made, and on what contract the suit was brought, and there is no suggestion that he is not now as fully prepared for his defense as he ever could be. The objection is, therefore, one of form, and not of substance, and precisely one of those which can be obviated by an amendment. The practice under the late Constitution was for the circuit judge, on the trial, to disregard such variances, and allow the party to apply to the court for leave to amend after verdict. That course was taken because the circuit judge was not deemed to have the power to allow amendments. The statute (2 R. S. 424, § 1) gave the power of amendment "to the court in which the action was pending." The circuit judge, not constituting the court in which the action was pending, though he was an officer of the court, had not the power, and the parties were, therefore, of necessity driven to make an application to the court. Now, however, under the new Constitution, that the members of the court try the issues of fact pending therein, the power of amendment is

with the judge presiding at the trial, to the same extent as when he is presiding at special term, and therefore amendments may be made at *nisi prius*. I shall therefore allow the amendment to be now made.

Evidence was then given of the arrival of the goods at Troy, and of their being delivered to the Troy and Ohio line, and that when they arrived at their destination a part of them were missing, having probably been stolen on their passage.

*The Judge* submitted the case to the jury, on the question whether the missing goods, for which this suit was brought, had been abstracted from the parcels during the transit from New York to Troy? The contract of defendant was to carry the goods, which he had received, safely from New York to Troy, and there forward them by the Troy and Ohio line. The facts being established that the defendant had received the various parcels at New York, and that when they arrived at Cleveland a portion of them had been abstracted, and there being no certain evidence in what part of the transit such abstraction had taken place, it was for the jury to determine whether the defendant had carried them to Troy, and there forwarded them by the designated line of transportation.

Verdict for plaintiff.